IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTOINE TERRELL HENDERSON,     )
                               )
         Plaintiff,            )
                               )
    v.                         )        1:20CV44
                               )
QSR HOSPITALITY LLC,           )
                               )
         Defendant.            )

**MEMORANDUM OPINION, ORDER, AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's Application (Docket Entry 1) for the limited purpose of recommending dismissal of this action.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his [or her] poverty makes it impossible for him [or her] to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to

balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short under this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Moreover, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)

2

## DISCUSSION

Plaintiff's Complaint names "QSR Hospitality LLC" as the sole Defendant. (Docket Entry 2 at 1-2.) It asserts that Defendant retaliated against Plaintiff for "continuously documenting health [and] hazard concerns that were being swept under the rug by upper management." (Id. at 4.)[2] The Complaint further alleges that "the events giving rise to [Plaintiff's] claim occur[red] at his "workplace[,] Church's Chicken[,] QSR Hospitality." (Id.) Based upon the allegations of retaliation in the workplace, the Complaint may seek to invoke Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). See generally Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988) (explaining that courts must "construe [pro se complaints] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support" (citing Haines v. Kerner, 404 U.S. 519 (1972))). However,

---

(internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

[2] For legibility reasons, this Memorandum Opinion omits varying-sized font in all quotations from the Complaint.

as explained below, the Complaint fails to plead a viable Title VII retaliation claim.[3]

As factual matter supporting the retaliation claim, the Complaint offers the following:

1) Plaintiff "was continuously documenting health [and] hazard concerns that were being swept under the rug by upper management," such as the "hand sink plumbing backing up [with] waste and other employees refusing to throw out expired product" (Docket Entry 2 at 4);

2) Defendant previously "promised [Plaintiff] an assistant manager position and [he] subsequently did[ not] receive it" (id.);

3) Plaintiff was "verbally instructed to shut down the store [by] the store [general manager] . . .;" however, Plaintiff "was terminated for shutting down the store" (id.); and

4) "[t]his is further proof of retaliation for not skipping documentation process on the restaurant" (id.).

---

[3] The Complaint does not indicate its basis for jurisdiction. (See generally Docket Entry 2 at 1-6.) Although the Complaint identifies Plaintiff as a citizen of North Carolina and Defendant as either a citizen of or incorporated in Texas (see id. at 2), it does not purport to rely on diversity jurisdiction. Morever, the Complaint seeks intervention by "the [f]ederal [g]overnment" (id. at 5), and refers to "federal protected classes" (id.). Under these circumstances, the Court should construe the Complaint as attempting to raise a federal claim. Alternatively, to the extent the Complaint attempts to allege any state law claims, the Court should dismiss without prejudice any such claims because the Complaint does not adequately identify a basis in state law.

4

The Complaint requests for "the [f]ederal [g]overnment to look over [Plaintiff's] documentation, over a [one] year span of the health violation, [and to] force [Defendant] to admit and understand how they violated [his] rights as an employee . . . ." (Id. at 5.) The Complaint further requests (i) "an amount of $134,000 for loss of . . . income and embarrassment for being terminated for engaging in protected activity," citing in support that, "$36,000 is [the] yearly average assistant manager salary," (ii) "$50,000 for [Defendant's] disregard of federal[ly] protected classes," and (iii) "$50,000 for pain[,] suffering, moving, travel [while] looking for work[,] and harassment by [an individual] at [Plaintiff's] new job that caused [Plaintiff's] boss to not promote him immediately." (Id.)

Title VII prohibits an employer from retaliating against an employee because said employee "has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). The Complaint alleges that Plaintiff failed to receive a promotion and subsequently lost his job after he "continuously document[ed] health [and] hazard concerns that were being swept under the rug by upper management" (Docket Entry 2 at 4), matters which Title VII does not treat as protected activity.

5

In that regard, Title VII does not create a cause of action addressing the reporting of health and safety concerns related to sanitation and food-handling practices in restaurants. See, e.g., Gurish v. Ohio Dep't of Mental Retardation and Developmental Disabilities, No. 1:10CV2292, 2012 WL 3649359, at *2 (N.D. Ohio Aug. 23, 2012) (unpublished) ("[The p]laintiff alleged within his EEOC charge that he was retaliated against 'after reporting an unsafe work environment.' . . . [The p]laintiff's actions for which he alleges retaliation within his EEOC charge are not considered protected activity under Title VII . . . ."); Rodriguez v. Beechmont Bus Serv. Inc., 173 F. Supp. 2d 139, 150 (S.D.N.Y. 2001) (dismissing Title VII claim for retaliation in response to cooperation with workplace safety investigation, because "unsafe working conditions are not made unlawful under Title VII"); Harper v. Hunter Coll., No. 95 CIV. 10388, 1999 WL 147698, at *3 (S.D.N.Y. Mar. 15, 1999) (unpublished) (finding that the plaintiff did not state claim for retaliation for "whistleblowing in connection with his report of unsafe working conditions" because "whistleblowing activity of this nature is not protected under Title VII" (internal quotation marks omitted)).

In sum, the Complaint does not state a retaliation claim under Title VII.[4]

---

[4] Nor has research revealed any other federal cause of action that could apply to the facts alleged in the Complaint.

CONCLUSION

The Complaint, liberally construed to assert a retaliation claim under Title VII, fails as a matter of law.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Complaint, liberally construed as alleging retaliation under Title VII, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that any state claim(s) be dismissed without prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 22, 2020